IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WAYNE MILLER, and
DOROTHY MILLER,

     Movant,

v.               //        CIVIL ACTION NO. 1:13CV190
                                 (Judge Keeley)

KEITH J. PAPPAS, and
CLEAR MOUNTAIN BANK, LLC

     Respondents.

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9]**</u>

On August 21, 2013, the <u>pro</u> <u>se</u> movants, Wayne and Dorothy Miller (the "Millers"), filed a motion seeking a preliminary injunction and restraining order pursuant to Fed. R. Civ. P. 65(a)(dkt. no. 18). The motion sought to forestall the foreclosure of their property, which, notably, was scheduled to occur at 11:00 a.m. on the same day the Millers filed their motion. On August 22, 2013, the Court referred this matter to United States Magistrate Judge John S. Kaull, for initial review (dkt. no. 5).

On September 4, 2013, Magistrate Judge Kaull issued his Report and Recommendations ("R&R"), in which he recommended that the Court deny the motion (dkt. no. 9). Magistrate Kaull found that the Millers had failed to provide "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result," as required under Fed. R. Civ. P. 65(b)(1)(A). Moreover, the R&R concluded that the Millers had failed to comply with the notice requirements of Fed.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9]**

R. Civ. P. 65(b), and their motion therefore should be denied.[1] <u>Id.</u> at 2.

The R&R specifically warned the Millers that their failure to object to the recommendation would result in the waiver of any appellate rights they might otherwise have on this issue. <u>Id.</u> at 22. The Millers did not file any objections.[2] Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 9), and **DENIES** the Millers' motion (dkt. no. 1).

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the <u>pro</u> <u>se</u> movants, certified mail, return receipt requested.

Dated:  May 18, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] In addition, Magistrate Judge Kaull noted that the entire motion may have been mooted by the fact that the foreclosure sale was to have taken place at 11:00 a.m. on August 21, 2013, and the Millers' motion was not docketed until 2:41 p.m. that day (dkt. no. 9 at 1).

[2] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a <u>de</u> <u>novo</u> review of the issue presented. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).